# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ANTHONY DION DARCUS, | ) |
| Plaintiff, | ) Case No. 7:14CV00549 |
| v. | ) **OPINION** |
| MIDDLE RIVER REGIONAL JAIL, ET AL., | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Anthony Dion Darcus, Pro Se Plaintiff.*

Plaintiff Anthony Dion Darcus, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that jail officials placed him "in the hole" without notice and interviewed him about potential criminal violations without *Miranda* warnings. Upon review of the allegations, I find that the lawsuit must be summarily dismissed without prejudice.

Darcus was detained in the general population of the Middle River Regional Jail, pending a trial scheduled for August 13, 2014. He alleges that on August 6, 2014, officers escorted him to a segregation cell, stating that he was under investigation by Captain Mowbray. On August 8, officers served him with a warrant for violating a protective order. Darcus states that "Ms. Christina Davis

who[m] I have charges pending against called to the jail (for the second time) and told officers whatever she told them to lock me up." (V.S. 3, ECF No. 2.)

On August 12, 2014, the day before trial, Darcus told Mowbray during a recorded interview that the protective order was issued after Ms. Davis, out of jealousy, lied to jail officials about Darcus. Mowbray then stopped the interview and asked Darcus who his attorney was. Mowbray asked "about [Darcus] writing Ms. Davis, and said depending on how court went would determine when, or if [he] was released from the hole and possibl[y] charged with felonies for the letters." (*Id.* 4.) Darcus asserts that he "was coerced and intimidated into taking that plea" because he "was scared and ready to get out of the hole."[1] (*Id.*) In this § 1983 action, Darcus sues the jail and Mowbray, seeking monetary damages, expungement of the charges to which he pleaded, and release from confinement.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a claim under § 1983, the plaintiff must allege facts showing that a person acting under color of state law undertook conduct that

---

[1] Darcus does not describe the charge to which he pleaded guilty. Records available online indicate that in November 2014, the state court revoked Darcus' probation and sentenced him to prison.

violated the plaintiff's constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

As an initial matter, Darcus cannot prevail in any § 1983 claim against the jail itself. A jail is not a "person" subject to suit under § 1983. *Preval v. Reno*, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding that city is not a person for purposes of § 1983).

While a jail official like Captain Mowbray is a state actor subject to suit under § 1983, Darcus fails to allege facts stating any actionable claim against this defendant. Darcus apparently complains that Mowbray's actions — placing him in segregation and interviewing him about his interactions with Ms. Davis — somehow caused Darcus to be wrongfully convicted pursuant to a coerced guilty plea. Claims of this nature, challenging the fact of the plaintiff's confinement, are not actionable under § 1983 unless the judgment imposing the term of confinement has been overturned or set aside. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* (footnote omitted).

If Darcus could prove, as he alleges, that Mowbray's actions caused him to be wrongfully convicted, such findings would necessarily imply that the state court's judgment under which he is now incarcerated was in error. Because Darcus offers no evidence that this judgment has been overturned or expunged, any cause of action for damages which he may have against anyone for wrongful actions that contributed to the procurement of that judgment has not yet accrued. *Id.* Therefore, Darcus' §1983 claims against Mowbray for contributing to his allegedly unlawful confinement are not yet actionable under § 1983.[2]

---

[2] Darcus also complains that in segregation, he was not allowed to possess his personal and legal mail, his Bible and Quaran, or his hygiene items, leaving him unable to write to his family, work on his case, contact his lawyer, or read his religious books. Darcus has not demonstrated, however, that these temporary restrictions were not reasonably related to the jail's legitimate security interest in ensuring that Darcus could not violate the terms of the protective order by writing additional letters to Ms. Davis. *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 546 (1979) ( "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees.").

Furthermore to the extent that Darcus seeks to have the charges expunged or be released from prison, his claims are not properly presented in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (finding that challenges to validity of inmate's confinement are not cognizable under § 1983 and are properly presented in habeas corpus petition under 28 U.S.C. § 2254 after exhaustion of state court remedies, such as appeal and state habeas proceedings).

For the stated reasons, I will dismiss the entire Complaint without prejudice under § 1915A(b)(1).

A separate Final Order will be entered herewith.

DATED: January 2, 2015

/s/ James P. Jones
United States District Judge